Brennan, J.
This case was reported to the Appellate Division of the District Court by the defendant The underlying action was for breach of implied warranty of merchantability in which the plaintiff seeks to revoke acceptance of a pickup truck as well as relief under G.Lc. 93A The defendant asserts that relief under 93A should not be available due to the circumstances surrounding the sale.
At trial, evidence was introduced which tended to show the following:
The plaintiff purchased a 1973 Dodge truck from the defendant on May 22,1987for $2,500.00. The defendant had used the truck daily in his business of selling and installing automotive parts and supplies and making automotive repairs. Additionally, the defendant used the truck in “truck pulling contests," but did notreveal this fact to the plaintiff prior to the sale.
Wien the defendant first bought the truck in 1979, its odometer reading was approximately 53,000 miles. During the first year he owned it, the speedometer/ odometer broke and the defendant changed it. When he sold the truck to the plaintiff eightyears later, the odometer read31,469miles. At the time of the sale, the defendant did not reveal to the plaintiff that the odometer had been replaced eight years earlier, and therefore, the odometer reading was inaccurate.
After the plaintiff purchased the truck, he drove it locally as well as off the road in rough terrain. Four days after the sale, the truck became inoperable and was towed back to the defendant’s place of business. When the plaintiff returned the truck to the defendant, the undercarriage and engine compartment were covered with grass and *142 mud. The front axle was sheared off and the rear axle was stripped.
The defendant is in the business of selling automotive parts and supplies and maintains a place of business. He has a repair bay in his building. On occasion, the defendant has allowed friends and customers to leave vehicles advertised for sale on his property. However, the defendant contends that he sold only two (2) vehicles in 1987, one ofwhich is the subject of this lawsuit He does not have alicense to sell motor vehicles.
The defendant claims to be aggrieved by the Court’s finding for the plaintiff in the amount of $2,500.00 as well as treble damages and attorney fees in the amount of $8,500.00. He contends that he is aggrieved by the Court’s application of 93 A in finding that his failure to inform the plaintiff that the vehicle had been used in truck pulls was an unfair practice. Further, he is aggrieved by the Court’s finding that the defendant was engaged in the business of buying and selling motor vehicles. Finally, the defendant is aggrieved by the court’s judgment based on G.Lc. 266, §141 in that the defendant did not inform the plaintiff prior to the sale that the odometer had been changed and did not accurately reflect the truck’s true mileage.
The question presented is whether the trial judge erred in applying G.Lc. 93A and G.Lc. 266, §141 to the case at bar and in awarding the plaintiff treble damages.
The defendant in this case contends that since he is not a “merchant” with respect to selling trucks, there was no implied warranty of merchantability. (Defendant’s Brief p. 5). Relying on the Attorney General’s Motor Vehicle Regulations, he states correctly thata “Motor Vehicle Dealer” or “Dealer” requires thattheperson sell “more than three (3) motorvehicles in any calendar year.” 940 C.M.R. §5.01(7). He asserts that since he is in the business of selling and installing automotive parts and supplies and making automobile repairs (see Defendant’s Brief p. 3) and not motor vehicle sales, he is not bound by the implied warranty of merchantability sections of the Uniform Commercial Code, G.Lc. 106, §2-314.
The defendant’s reliance on 940 Q.M.R. is misplaced. Under G.Lc. 106, §2-104 (definitions) a merchant “means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practicesor goods involved in the transaction...” G.Lc. 106, §2-104(1). Thedefendant, by his own admission, is in the automobile repair and parts business. (Defendant’s Brief p. 3). As such, his occupation involves a level of knowledge and skills peculiar to motor vehicles sufficient to invoke the applicability of G.Lc. 106, §2-314. He is incorrect in his assumption that a person must be an automobile seller to be a merchant under the UCC.
Although the defendant would not qualify as an automobile seller as defined in 940 C.M.R. 5.01(7), he nevertheless would qualify as a merchant under the UCC who, by his occupation as an automobile repairman, held himself out as having special knowledge or skills peculiar to motorvehicles so as to invoke the application of G.Lc. 106, §2-314 (implied warranty of merchantability).
By selling the truck to the plaintiff and failing to disclose the truck’s prior hard use in track pulling contests the defendant committed an unfair business practice under G.Lc. 106, §2-314 (implied warranty of merchantability) and 904 C.M.R. 3.16 (2) because if the buyer/plaintiff knew of the prior use, this knowledge may have influenced him not to enter into the sale.
Under G.Lc. 106, §2-314 (1), “a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of thatkind.” Thedefendantis such a merchant Consequently, “goods to be merchantable must at least be such as... are fit for the ordinary purposes for which such goods are used...” G.Lc. 106, §2-314(2) (c). The truck which fell apart in four days was clearly not fit for ordinary purposes.
Abreach of implied warranty of merchantability constitutes an unfair and deceptive act or practice under c. 93A, §2 which regulates business practices for the consumer's *143 protection. Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 441 N.E.2d 1027, 1031 (1982).
Further, under 940 C.M.R. 3.16, the Attorney General’s promulgated regulations specifically state:
Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.Lc. 93A, §2 if:
1. It is oppressive or otherwise unconscionable in any respect; or
2. Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which mav (emphasis supplied) have influenced the buyer or prospective buyer not to enter into the transaction...
940 C.M.R. 3.16(1) and (2).
From the facts presented in the report, it is clear that if the plaintiff knew of the truck’s prior hard use (truck pulling contests), that knowledge may, indeed would, have influenced his decision to buy it. Thus, sanctions under G.Lc. 93A are appropriate under the defendant’s failure to disclose the truck’s prior hard use or via a breach of the implied warranty of merchantability.
Even if the above two theories for application of the treble damages sanctions of G.Lc. 93A were disregarded, application of G.Lc. 266, §141 (prohibiting odometer tampering) would invoke the same penalty.
G.Lc. 266, §141 penalizes resetting or altering an odometer with intent to change the true mileage. Additionally, G.Lc. 266, §141 expressly states: “A violation of the provisions of this section shall constitute an unfair method of competition under chapter ninety-three A.”
Case law interpreting this statute states that the fact of the odometer tampering itself makes out a case under this statute unless the defendant establishes that it was none of his doing or gives the court some explanation for the odometer change. Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct 800, 420 N.E.2d 20, 23 (1981). In Colonial Motors, the defendant car dealer was charged under c. 266, §141 with reselling 19 used cars with tampered and rolled back odometer readings. Id. at 22. The court stated that “no intentto defraud need be shown” and even if it were “the very fact of the spinback warrants an inference of intentto defraud.” Id. Fraud is implied in the absence of an explanation. Id.
As applied, G.Lc. 266, §141 operates like a strict liability offense in the absence of the defendant’s explanation. Intent is implied if no explanation is offered. The only explanation offered by the defendant in the case before this court for the odometer discrepancy was “at the time of the sale, O’Connell (the defendant) did not recall the speedometer (sic) had been replaced eight years earlier, and so did not note this on the title.” Defendant’s Brief p. 2.
The trial judge did not err in applying G.Lc. 93A. The defendant’s breach of the warranty of merchantability, his failure to disclose the truck’s hard use in truck pulls or his violation of G.Lc. 266, §141 (nondisclosure of a changed odometer reading) warranted damages. With all three reasons to justify the finding, the application of G.Lc. 93A’s treble damages provision is not only appropriate, but just
The Report is Dismissed.